IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-HC-467-BO

FILED
APR 0 8 2008
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| ELMER RAY MCNEILL, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| GERALD BRANKER, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's "motion for counsel to be present during examination by state's expert(s)" [DE #55].[1] Respondent has filed a response, and the matter is ripe for ruling.

In response to a request by petitioner's counsel for a hearing to determine competency, the court ordered the staff of Dorothea Dix Hospital to conduct a mental health/psychological evaluation for the purpose of determining petitioner's competency to understand the nature of the proceedings and his ability to assist counsel. See March 12, 2008, Order, DE #54.

In the "motion for counsel to be present during examination by state's expert(s)," petitioner asks the court: to allow his attorneys to be present during the psychological evaluation; for notice of the time and location of the evaluation one week in advance; for advance notice of the tests the expert intends to use; for the State to provide the identity and the curriculum vitae of the expert who will conduct the evaluation; and for the court to limit the questions and tests to the issue of competency.

---

[1] As respondent contends, petitioner has mischaracterized the situation by referring to "state's expert(s)." This evaluation was ordered by the court in response to concerns raised by petitioner's counsel.

Requests for mental examinations of a party are generally governed by Rule 35 of the Federal Rules of Civil Procedure. The rule provides that upon good cause shown a court may order a party to a civil proceeding to submit to a mental examination when the mental condition of the party is in controversy. Subpart (b) provides that upon request by the examinee "the party causing the examination to be made shall deliver the [examinee] a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. P. 35(b).

In the March 12, 2008 order, the court directed that the evaluation was for the limited purpose of determining petitioner's competency to understand the nature of the proceedings and his ability to participate and assist counsel. The court also directed the staff of Dorothea Dix hospital to inform petitioner's counsel of the date and time of the evaluation not less than forty-eight hours before the evaluation so that counsel, as they deemed necessary, could inform petitioner of the impending evaluation. Finally, the court directed that upon completion of the evaluation, the psychiatric expert must furnish a report to the court, the Special Deputy Attorney representing respondent, and petitioner's counsel.

After fully considering the matter, the court concludes that petitioner is not entitled to the presence of counsel at the evaluation, nor is he entitled to the other conditions he requests. The court further finds that the conditions imposed in the March 12, 2008 order are appropriate and sufficient. Accordingly, petitioner's motion for counsel to be present during the competency evaluation [DE #55] is DENIED.

SO ORDERED, this ___ day of April 2008.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE