IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-HC-467-BO

| | | |
|---|---|---|
| ELMER RAY MCNEILL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GERALD BRANKER, Warden, | ) | |
| Central Prison | ) | |
| Raleigh, North Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to subpoena out-of-state witness [DE #74]. Petitioner asks the court for leave to serve a subpoena on Ms. Rebecca Dernar for Ms. Dernar to appear as a witness at the hearing scheduled before this court on September 29, 2008.

Ms. Dernar is a non-party witness who lives in Patuxent River, Maryland. Pursuant to Federal Rule of Civil Procedure 45(b)(2) the authority to subpoena a non-party witness who lives outside the district of the court is limited to 100 miles from the place of the hearing. See Fed. R. Civ. P. 45(b)(2). Patuxent River, Maryland is well beyond 100 miles from the federal courthouse in Raleigh, North Carolina where the hearing will be held.

Petitioner cites to Fed. R. of Civ. P. 45(b)(2)(D) and asks the court to allow the subpoena based on "good cause." However, petitioner has only cited to a portion of that subsection. Rule 45(b)(2)(D) reads in full that a subpoena may be served at any place "that the court authorizes on motion and for good cause, if a federal statute so provides." In this instance, the court is not

aware of, and petitioner does not direct the court's attention to, a federal statute which provides for service on Ms. Dernar beyond the 100 mile limit. Accordingly, petitioner's motion to subpoena out-of-state witness [DE #74] is DENIED.

SO ORDERED, this 22 day of September 2008.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE